## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

Case No.  HG 00-06993

SMITH PETROLEUM CO.,

Debtor.

_____/

TROUT VALLEY ENTERPRISES, INC.,

Plaintiff,

vs.

Adv. Pro. No.  09-80087

CHARLES A. SMITH,

Defendant.

_____/

---

NOT FOR PUBLICATION

---

### MEMORANDUM OPINION RE: SUBJECT MATTER JURISDICTION

Appearances:

Paul F. Davidoff, Esq., Kalamazoo, Michigan, attorney for Plaintiff
Ralph M. Reisinger, Esq., Grand Rapids, Michigan, attorney for Defendant


On June 25, 2009, this court held a hearing regarding whether it has jurisdiction to award the

relief sought by Plaintiff in the above-captioned adversary proceeding.[1]  For the reasons stated in this

opinion, this court concludes that it does not.

---

[1]The matter was taken under advisement at the conclusion of the hearing to give the parties the opportunity to file post-hearing briefs.  However, neither party filed a brief by the July 24, 2009 deadline.

## BACKGROUND

Plaintiff is the purported owner of a 45% interest in a partnership known as Smith Energy Partnership of 1988 ("Smith Energy/1988"). Plaintiff's complaint asks that this court declare that it is in fact the owner of that interest. Plaintiff also requests that this court order Charles A. Smith, the only named defendant, to account to it for all payments Mr. Smith or any entity created by or associated with him has received from Smith Energy/1988 since June 7, 2006. According to Plaintiff, Mr. Smith is a former shareholder and officer of Smith Petroleum Co.

Plaintiff's basis for jurisdiction with this court rests solely upon Plaintiff's acquisition of the purported interest from the estate through a sale authorized by this court. Although the undersigned judge was only recently assigned to this case,[2] a review of the court's records indicates that Trustee did file on May 11, 2006 a motion for authority to sell unidentified oil and gas interests to Plaintiff and that on June 7, 2006 this court entered an order confirming that sale. The court further notes that the June 7, 2006 order coincides with the date from which Plaintiff demands an accounting from Mr. Smith.

Plaintiff's principle argument for jurisdiction is that the June 7, 2006 order itself establishes jurisdiction:

> IT IS FURTHER ORDERED, that this Court shall retain jurisdiction over this matter for the purposes of implementing and carrying out this Order and resolving any dispute arising under or with respect to this Order.

---

[2]The Honorable James D. Gregg was originally the presiding judge but Judge Gregg recused himself earlier this year.

2

However, it is questionable whether this provision in fact covers the matter at hand since it would appear that the June 7, 2006 order was fully implemented when the authorized sale was closed some time ago and Plaintiff has not identified any dispute with respect to the order itself.

More important, though, is the well recognized rule that a federal court, which includes this court, is a court of limited jurisdiction and, as such, parties appearing before it can not confer upon it jurisdiction that it otherwise does not have. *MESC v. Wolverine Radio Company, Inc. (In Re Wolverine Radio Company, Inc.)*, 930 F.2d 1132, 1137-38 (6th Cir. 1991). Moreover, it is incumbent upon the court itself to ensure that it is not exceeding its jurisdiction when matters are brought before it. *Id.* Therefore, if this court has jurisdiction to hear this matter, this court itself must be satisfied that Congress has conferred it with that jurisdiction.

The Sixth Circuit in *Wolverine Radio* also determined that only 28 U.S.C. § 1334(b) can give a bankruptcy court jurisdiction to hear a dispute between two non-debtor parties. *Id.* at 1140. That section states as follows:

> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b).

It is the "related to" aspect of this jurisdictional authorization that controls. *Id.* at 1141. As for what may be a "related to" matter, the Sixth Circuit, like other circuits, has adopted an "expansive definition." *Id.* However, that definition does have its limits.

3

As the Third Circuit held:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administrated in bankruptcy.*   Thus, the proceeding need not necessarily be against the debtor or against the debtor's property.  An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.
>
> *In re Pacor, Inc.,* 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original; citations omitted).   We "have accepted the *Pacor* articulation, albeit with the caveat that 'situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement.' " *Robinson,* 918 F.2d at 584 (quoting *In re Salem Mortgage Co.,* 783 F.2d 626, 634 (6th Cir. 1986)); *accord In re Turner,* 724 F.2d 338, 341 (2d Cir. 1983).

*Id.* at 1142 (emphasis in original).

Applying this test to the instant case, it appears that Plaintiff's pursuit of Mr. Smith through this adversary proceeding would have little, if any, effect upon the bankruptcy estate.  In making this observation, the court notes in particular the May 11, 2006 motion that precipitated the June 7, 2008 order upon which Plaintiff relies.  That motion states specifically that the Chapter 7 trustee was of the opinion that he had already "sold, collected or abandoned all oil and gas and other mineral interests of the estate" at the time of Plaintiff's offer and that, as a consequence, he did not believe he had anything to sell Plaintiff in the first place.  Moreover, the terms of the sale authorized specifically provide that no warranties were being given "as to the condition of or title to the Assets, the existence of any of the Assets, the value of any of the Assets, or any other matter."  Therefore, this court is hard pressed to imagine how the estate could at all be interested in what now concerns Plaintiff - to wit, (1) whether Plaintiff actually did acquire something from the estate that is of value,

and (2) whether Plaintiff can realize that value by compelling an accounting from Mr. Smith. Put simply, the estate didn't think it had an interest in that partnership in the first place and it cares even less now whether it ever had an interest given that whatever it may have owned was long ago conveyed without warranty to Plaintiff via a court authorized sale.

Plaintiff did contend at the hearing that the estate could conceivably have an interest in the outcome of this adversary proceeding because a favorable ruling for Plaintiff might in turn prompt the Chapter 7 trustee to seek similar relief from Defendant Smith for payments he may have received prior to June 7, 2006. However, it is much more likely that the Chapter 7 Trustee would have already proceeded against Mr. Smith himself had he been so inclined. Consequently, what may be conceivable is nonetheless extremely tenuous and, as such, exercising jurisdiction over this matter would still be inappropriate. *Id.* at 1142 ("We have accepted the *Pacor* articulation, albeit with the caveat that 'situations where an extremely tenuous connection to the estate would not satisfy the requirement.'").

Therefore, for the reasons given, the adversary proceeding will be dismissed. The court will enter a separate order consistent with this opinion.

Honorable Jeffrey R. Hughes
United States Bankruptcy Judge

Signed this 3rd day of September, 2009
at Grand Rapids, Michigan.